May 27, 2020

Honorable Judge Robert J. Shelby
U.S. District Court Judge
351 South, West Temple
Salt Lake City, Utah 84101

District Judge Robert J. Shelby
Case No. 2:11-CR-00984-SHELBY

RECEIVED
JUN 09 2020
OFFICE OF
JUDGE ROBERT J. SHELBY

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH
JUN -9 2020
D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

Honorable Judge Shelby,

Here comes Robert Lee Holloway, pro se, seeking the court to grant me "compassionate release," due to my underlying conditions of congestive heart failure, and heart disease, (I suffered a heart ache in January 2002 at age 45), together with the COVID-19 health crisis here at Terminal Island, constitutes "extraordinary and compelling" circumstances, allowing the court to modify my sentence to home confinement.

Terminal Island has the highest, (percentage wise), COVID-19 positive cases within a prison in the whole BOP, with nearly 700 of 1055 positive. Due to the overcrowded conditions, its no wonder this virus spread like wildfire the way it did. I tested positive April 25, 2020, and have been experiencing symptoms since the onset of this outbreak within the facility. I've been suffering severe head aches, angina pain, lower back pain, (kidney area), shortness of breath, dry cough as well as muscle aches all along, at different times. I'm still experiencing them

The warden has the source of authority she may use to remove medically vulnerable individuals, as myself, from these dangerous conditions here at Terminal Island; at the same time reduce the density within the prison for all inmates. Unfortunately, here

efforts have "stalled" in releasing me pursuant to 18 U.S.C. § 3624(c)(2), section 12003(b)(2) of the CARES Act, filed March 29, 2020, with my case manager Mr. Doucet, was "approved", signed probation and home confinement papers on April 16 & 17, 2020 and I'm still incarcerated in this dangerous environment. Unfortunately, the record reflects that the warden is not excercising her authority in a timely manner during a deadly pandemic. The warden as well as the Bureau of Prisons could have also implemented Section 3582(c)(1)(A) in the way congress intended when it adopted the First Step Act, and neither has made any noticable effort to update the process for evaluating "imediate releases" pursuant CARES Act and "compassionate release" requests to take account of the COVID-19 pandemic. For the medically vulnerable inmates, as myself, at Terminal Island, this failure bolsters my claim and conclusion that the warden and the Bureau of Prisons are clearly displaying "deliberate indifference" in "stalling" my release during a deadly virus outbreak, in a dangerously overcrowded environment, in violation of the Eigth Amendment.

In Zukerman, the court reasoned that requiring him to exhaust administrative remedies given his unique circumstances and the exigency of a rapidly advancing pandemic would result in undue prejudice and render exhaustion of a full BOP administrative process both futile and inadequate."
U.S. vs Zuckerman No. 16-CR-194-AT, 2020 WL 1659886, at *4 (Apr 3, 2020).

Also in Zukerman, he was granted sentence modification such as

remaining term of imprisonment was placed by an equal period of home incarceration. Underlying conditions taken together with COVID-19 constitutes "extraordinary and compelling" reasons to modify.

Although compassionate release statue previously permitted sentence reductions and modifications only upon motion of the Director of the BOP, (Bureau of Prisons), congress expanded the statue in the First step Act of 2018 Pub. L No. 115-391 § 603(b), 132 stat. 5194 5239 (Dec. 21, 2018). As amended § 3582(c)(1)(A)(i), now permits courts to consider motions filed by the defendant so long as "the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendants behalf," or "after the lapse of 30 days from the receipt of such a request by the warden of the defendants facility, whichever is earlier." The reason for the expansion to include defense filed motions for a sentence reduction or modification, was due to "documented infrequency with which the BOP filed motions for a sentence reduction on behalf of defendants." U.S. vs Redd No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *7 (E.D. VA. Mar. 16, 2020). Accordingly "while the first step Act preserved the BOP's role relative to a sentence reduction in certain respects, it eliminated the BOP Director's role as the "exclusive" channel through which a sentence reduction or modification could be considered by the courts."

As the court in Zukerman framed it, the sentence was not intended to "include incurring a great and unforseen risk of severe illness or death brought on by a global pandemic."

2020 WL 1659880 at *6.

In addition to § 3553(a) the Eighth Amendment plays a role because of its prohibition on "cruel and unusual punishment" including unreasonable exposure to dangerous conditions in custody. See Helling vs. McKinney 509 U.S. 25, 28 (1993); See Wallis vs. Baldwin 70 F.3rd 1074 (9 Cir. 1995);(applying Helling to exposure to asbestos); Brown vs. Mitchell 327 F.Supp.2d 615, 650 (E.D. Va July 28, 2004);(applying Helling to contagious diseases caused by overcrowding conditions.) For the past 7 months I've lived in D-Unit with 61 other inmates on 31 bunks spaced 3 feet apart, in a 2800 sqft dorm. Social distancing is physically, and literally impossible. We have been locked down together in this dorm, no outside recreation, for over 60 days now. Many of us, myself included are still suffering COVID-19 symptoms.

The court at the time of sentencing could not have anticipated that my sentence, Mr. Robert Lee Holloway, would expose me to this life threatening coronavirus that could very well end my life. However, the court has the authority to modify my sentence remaining term of imprisonment to be placed by an equal period of home confinement."

Respectfully Submitted,

Robert Lee Holloway 29857-298